```
                  UNITED STATES DISTRICT COURT
                   SOUTHERN DISTRICT OF OHIO
                       WESTERN DIVISION
```

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | NO. 1:06-CR-00076 |
| v.  : | **OPINION AND ORDER** |
| : | |
| STEPHANIE CORSMEIER : | |
| STACEY LESTER : | |

This matter is before the Court on the following filings: the government's Motion to Take Judicial Notice of Adjudicative Facts (doc. 40), and Defendant Stephanie Corsmeier's Response in Opposition and Request to Exclude Evidence (doc. 42); the government's Pretrial Memorandum (doc. 41), and Defendant Stephanie Corsmeier's Response in Opposition (doc. 43); the government's Notice of 404(b) Evidence (docs. 45, 46), and Defendant Stephanie Corsmeier's Memorandum in Opposition (doc. 48).

Also filed is Defendant Stacey Lester's Motion for Joinder in Defendant Stephanie Corsmeier's filings in opposition (doc. 44). The Court GRANTS Defendant's Lester's motion for joinder (doc. 44) and will address each of the remaining issue in turn.

**I. Analysis**

    **A. Foreclosure Evidence**

The government moves the Court, pursuant to Federal Rule of Evidence ("FRE") 201, to take judicial notice of the fact that

twenty-eight mortgage loans related to this case are currently in foreclosure or have already been foreclosed upon (doc. 40). Judicial notice is proper where a fact is "not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201 (a) and (b). The documents in question are the official public records of foreclosure filed with the Hamilton County Recorder's office (doc. 40).

In response, Defendants object to the government's motion, arguing that the documents are not the proper subject of judicial notice and that the information regarding foreclosures is inadmissable under FRE 401 and 402, and 403 (doc. 42).

Having reviewed the record, the Court GRANTS the government's motion, and, pursuant to FRE 201, takes judicial notice of the foreclosure documents filed by the government in Attachment A to their motion (doc. 40).  However, the Court tends to find merit in Defendants' argument that this evidence is irrelevant under FRE 401 and 402, and unduly prejudicial under FRE 403.  Thus, while the Court will make a ruling at the time this evidence is presented at trial, the  Court instructs the parties not to address the issue of the foreclosed properties in their opening statements.

**B. Prior Dealings**

The government next instructs the Court that it expects one of its witnesses, Clarence Harris, to testify that he began engaging in fraudulent mortgage transactions with Defendant Corsmeier, acts for which she is not indicted, when she was an employee of Southeast Title Company, before she founded American Security Title Company, (doc. 41). While Defendant Corsmeier objects to this testimony as inadmissable under FRE 404(b) (doc. 43), the government contends that the testimony is proper as "background" evidence to the crime charged, or in the alternative, proper under FRE 404(b) (doc 41).

Having reviewed this matter, the Court finds that evidence of Clarence Harris's business relationship with Defendant Corsmeier prior to her founding of American Title Security Company is admissible as "background" evidence to the crime charged. See United States v. Barnes, 49 F.3d 1144, 1149 (6th Cir. 1995); United States v. Hardy, 228 F.3d 745, 750. The Court finds that evidence of prior dealings between Mr. Harris and Defendant Corsmeier are necessary for the jury to understand the setting of the case. Id. Because the Court finds this evidence constitutes background evidence, it need not be analyzed under the 404(b) framework. United States v. McNeal, 40 Fed. Appx 164, at *3 (6th Cir. 2002).

**C. 404(b) Evidence**

Finally, the government filed a notice that it intended to present 404(b) evidence at trial related to alleged cocaine use

by Defendant Corsmeier (docs. 45, 46). The government expects its witness, Clarence Harris, to testify that during the period outlined in the Indictment, he provided Defendant Corsmeier with cocaine on several occasions in an attempt to enhance their business relationship (doc. 45). Defendant Corsmeier argues that this evidence is inappropriate under FRE 404(b). On May 15, 2007, the Court heard oral arguments on the matter, as well as the testimony of Clarence Harris, the witness expected to testify to this evidence at trial.

Federal Rule of Evidence 404(b) prohibits the admission of "other crimes, wrongs, or acts ... to prove the character of a person in order to show that he acted in conformity therewith." Fed.R.Evid. 404(b). However, this evidence may be admitted if the party cites a specific proper purpose for which the evidence is being offered, such as to show motive or intent. Id. In addressing a FRE 404(b) issue, a district court must conduct a three step inquiry. First, the court considers whether there is sufficient evidence to find that the bad act occurred. Second, the court must consider whether the evidence is being offered for a proper purpose. Third, the court must consider whether the probative value of the evidence is substantially outweighed by its prejudicial effect, pursuant to FRE 403. United States v. Mack, 258 F.3d 548, 553 (6th Cir. 2001).

Analyzing the evidence offered by the government under this framework, the Court finds Clarence Harris's testimony about

-4-

cocaine he allegedly supplied to Stephanie Corsmeier is admissible under 404(b).  First, the Court is satisfied, both by Mr. Harris's testimony at the hearing on May 15, 2007, and by the government's representation they have additional testimonial support, that there is sufficient evidence that these acts occurred.  Second, the government argues that it offers this evidence as proof of motive for Defendant Corsmeier to engage in the indicted acts, which the Court finds is a proper purpose.  Finally, while the Court acknowledges the prejudicial effect that this evidence may have, it does not substantially outweigh the probative value of what the government argues is crucial evidence of Defendant Corsmeier's motivation.  At the time any such evidence is introduced, the Court will give the jury the required limiting instruction.

**II. Conclusion**

The Court advises the parties that while these are the initial rulings of the Court, as facts develop at trial, these issues may be reconsidered.

SO ORDERED.


Dated: May 16, 2007          s/S. Arthur Spiegel
                             S. Arthur Spiegel
                             United States Senior District Judge

K:\DOCUMENT\Sally\Criminal\Trials\USA v. Corsmeier, Lester\USA v. Stephanie Corsmeier, Stacey Lester, 06-076, evidentiary rulings.wpd